# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULWANT K. SIDHU,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>DEPT. OF HOMELAND SECURITY,<br><br>　　　　Respondent. | Case No.:12-cv-01490-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

　　　Petitioner filed the instant petition for writ of habeas corpus on September 12, 2012.

## DISCUSSION

I.　　Procedural Grounds for Dismissal

　　　The Rules Governing Section 2254 Cases may be applied to other habeas petition including petitions from federal prisoners presenting claims under Section 2241.  See Rule 1(a).  Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.   Claims for Relief

On the form petition, Petitioner indicates that on December 12, 2007, he was convicted of possession of a controlled substance, and in 2009 for transporting a controlled substance. (Petition at 2-3.)  On October 13, 2010, he was sentenced to two years in state prison and served him time at Pleasant Valley State Prison.  (Id.)  Petitioner claims in vague terms that the court issued "to much time for the crime."  (Id. at 2.)  Petitioner does not identify the date on which he was released from prison upon service of his sentence.  However, Petitioner is currently housed at the California City Correctional Facility California City and names the Department of Homeland Security as Respondent.  Thus, Petitioner is now in the custody of the Immigration and Customs Enforcement (ICE).

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); see also Magana v. Commonwealth of N. Mariana Islands, 107 F.3d 1436, 1443 (9th Cir. 1997)."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

2000). Thus, this Court must determine whether jurisdiction is present such that Petitioner may proceed by way of Section 2241.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 28 U.S.C. § 2254 implements a grant of habeas authority to federal courts for persons in custody pursuant to a judgment of a state court. White v. Lambert, 370 F.2d 1002, 1006 (9th Cir. 2004). To proceed by way of section 2254, the petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491 (1989). A petitioner is not "in custody" within the meaning of Section 2254 if he has fully served his sentence and is not subject to court supervision. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Petitioner states that he has served his state prison sentence. Petitioner does not allege that he presently is in state custody, and he is currently being detained by ICE at the California City Correctional Facility. Petitioner cannot attempt to attack the State Conviction collaterally by way of a Section 2241 habeas petition. See e.g. Contreras v. Schiltgen, 122 F.3d 30, 32 (9th Cir. 1997) (a petitioner may not collaterally attack a state court conviction in a habeas proceeding against ICE), aff'd on reh'g, Contreras v. Schiltgen, 151 F.3d 906, 907-908 (9th Cir. 1998).

Accordingly, Petitioner's challenge to the state conviction may not be considered by this Court pursuant to Section 2241, because jurisdiction is lacking, and the instant petition for writ of habeas corpus must be dismissed.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED; and

2. The Clerk of Court is directed to terminate this action in its entirety.

IT IS SO ORDERED.

Dated: **September 24, 2012**             /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE